S. Weitz and Company v. Commissioner. D. E. Weitz v. Commissioner. L. L. Weitz v. Commissioner.
S. Weitz & Co. v. Commissioner
Docket Nos. 6227, 6228, 6229.
United States Tax Court
1945 Tax Ct. Memo LEXIS 26; 4 T.C.M. (CCH) 1045; T.C.M. (RIA) 45356; November 30, 1945
*26 Leo Schwartz, Esq., 213 S. La Salle St., Chicago, Ill., for the petitioners. Thomas F. Callahan, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: These proceedings, consolidated for hearing, involve tax deficiencies for the calendar year 1941 as follows: Docket No.
Petitioner
Tax
Deficiency
6227
S. Weitz and Company
Income tax
$ 7,160.90
Declared value excess profits tax
4,071.81
Excess profits tax
20,724.50
6228
D. E. Weitz
Income tax
3,752.07
6229
L. L. Weitz
Income tax
6,399.51
In Docket No. 6227 it is alleged that the respondent erred in disallowing the deduction from gross income of $33,118.45 of the $103,118.45 claimed as compensation paid to D. E. Weitz and L. L. Weitz, and also in disallowing the deduction of $15,374.56 of the $36,753.73 paid for "traveling." In Docket No. 6228 it is alleged that the respondent erred in the determination of the deficiency by including in gross income $5,613.93 which is a part of the amount for which the petitioner was reimbursed by S. Weitz and Co. for traveling expenses, and in disallowing the deduction of $374.33 representing depreciation *27 on an automobile used by petitioner in his business. In Docket No. 6229 it is alleged that the respondent erred in the determination of the deficiency by including in gross income $9,760.63 representing a part of a reimbursement for traveling expenses and in disallowing the deduction from gross income of $750.83 as a deduction for depreciation on an automobile. These proceedings are submitted to the Tax Court upon the pleadings, a stipulation of facts signed by the parties (incorporated herein by reference), and the testimony of three witnesses. Findings of Fact S. Weitz and Co. is a corporation organized and incorporated under the laws of the State of Ohio. Since 1923 it has continuously engaged in the manufacture and sale of men's topcoats and overcoats. Its principal office is in Cleveland. It also maintains an office at 200 Fifth Avenue, New York, N. Y. It has two factories one located in Cleveland and the other at Lorain, Ohio. D. E. Weitz and L. L. Weitz are residents of Shaker Heights, Ohio. The corporation and these two individuals filed their tax returns for 1941 with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. During 1941 *28 and for many years prior thereto the officers of S. Weitz and Co. were L. L. Weitz, president and treasurer, and D. E. Weitz, vice-president and secretary. These two individuals are cousins. They performed the normal executive duties of the corporation. At all times during 1941 the stated capital of S. Weitz and Co. was $120,000 represented by 1,200 shares of common stock, and its stockholders were L. L. Weitz 166 2/3 shares; D. E. Weitz 166 2/3 shares; Mrs. L. L. Weitz 433 1/3 shares; Mrs. D. E. Weitz 433 1/3 shares. S. Weitz and Co. kept its books and filed its tax returns for 1941 on the accrual basis. In addition to their executive duties L. L. Weitz and D. E. Weitz were the principal salesmen of the corporation. It was the custom and practice of the corporation to maintain only a skeleton sales force. During 1941 the corporation's sales force, exclusive of its two officers, consisted of two full-time salesmen, namely, Ed Weitz and Mannie Rainess. Its leading competitors were the Ohio Overcoat Co. and the Stratbury Mfg. Co., both located in Galion, Ohio. During 1941 the former employed 10 full-time salesmen and the latter 16 or 17. L. L. Weitz has been associated with the *29 clothing industry for 30 years. His association has been constant and has covered every phase of production and distribution. He has been the president and treasurer of S. Weitz and Co. for 20 years and has devoted all his time and energies to it. In addition to his other duties he was in direct charge of the New York office. He contacted all the suppliers and personally purchased all the piece goods and materials required. He also established the policy for styling, distribution and pricing of the line. In addition he contacted practically every source of ultimate distribution and personally handled the trade from the west coast, the southern states, and the principal cities of the middle west. He made periodic trips to see customers and prospective customers throughout the country for the purpose of selling goods and becoming better acquainted with their local problems and personnel. Prior to 1925 D. E. Weitz was employed by Miller Becker Co., Cleveland, Ohio, as general manager, and by Cleveland Tractor Co., of Cleveland, as assistant general auditor. Since 1925 he has been employed continuously by S. Weitz and Co. as vice-president and secretary and has devoted all of his time *30 and energies to the corporation's business. The principal activities of D. E. Weitz during 1941 and prior years consisted of the management of the Cleveland office. He handled all personnel matters, made arrangements for financing the business and had supervision of the records of, and the control over, customers' credits and accounts. He was also in direct charge of the manufacturing operations of the factories at Cleveland and Lorain. He also assisted L. L. Weitz in selling and buying at the New York office and spent about one-third of his time in traveling and in calling on the trade located in Pennsylvania, West Virginia, western New York, and the large cities of Ohio. Since 1923 the compensation of L. L. Weitz and D. E. Weitz has been fixed by the board of directors for each year at a basic salary plus 4 1/2 percent of all sales made by them. The commission rate has remained unchanged but the basic salary has varied during the years. At a meeting of the board of directors held on January 4, 1938, the basic salary for 1938 was set at $23,500 for each of its officers and the same basic salary was subsequently voted for 1939 and 1940. At a meeting of the board of directors of *31 the corporation held in Cleveland on January 4, 1941, the following resolution was made, seconded, and unanimously adopted: "RESOLVED: That L. L. Weitz and D. E. Weitz be employed for the year 1941 on a salary of $23,500.00 plus 4 1/2% of all sales as made by L. L. Weitz and D. E. Weitz." The standard rate of commission paid to salesmen by manufacturers of men's goods varies from 7 percent to 8 percent, the salesmen paying out of such commissions their entire traveling and entertainment expenses. The following table shows the operations of S. Weitz and Co. for the years 1936 to 1941, inclusive. Column A shows its total sales per returns; Column B, the sales made by L. L. Weitz and D. E. Weitz; Column C, the gross profit from sales per returns; Column D, the net profit before taxes per returns; Column E, cash dividends paid to stockholders: A
B
C
D
E
Sales Made
Net Profit
by D.E.W.
Gross Profit
Before
Cash
Year
Total Sales
& L.L.W.
from Sales
Taxes
Dividends
1936
$1,333,805.65
$ 878,009.30
$342,498.28
$ 62,522.07
$50,000.00
1937
1,325,979.39
787,418.20
328,503.03
39,407.23
42,000.00
1938
1,095,827.20
802,390.22
321,201.99
41,209.97
24,000.00
1939
1,457,140.88
784,699.55
434,811.70
96,530.40
28,000.00
1940
1,561,283.42
684,095.10
430,533.40
80,652.94
30,000.00
1941
2,060,513.53
1,160,455.10
573,755.77
145,902.02
1,199.99
*32 The following table shows the breakdown of S. Weitz and Co. sales for the years 1939, 1940 and 1941. Column A shows its total sales, per returns; Column B, the sales made by L. L. Weitz and D. E. Weitz; Column C, the sales made by Ed Weitz; Column D, the sales made by Mannie Rainess; Column E, the sales made by others (including house sales): A
B
C
D
E
Sales Made
Sales Made
Sales Made
Sales Made
by Others
by D.E.W.
by
by Mannie
Including
Year
Total Sales
& L.L.W.
Ed Weitz
Rainess
House Sales
1939
$1,457,140.88
$ 784,699.55
$415,594.87
$131,846.75
$124,999.71
1940
1,561,283.42
684,095.10
476,837.00
175,393.75
224,957.57
1941
2,060,513.53
1,160,455.10
522,264.87
202,247.00
175,546.56 Of the combined sales of D. E. Weitz and L. L. Weitz, $300,000 thereof represented approximately the sales made by D. E. Weitz. All sales made by S. Weitz and Co. during 1941 were civilian sales. No sales were made by it during 1941 to the United States Government or any instrumentality thereof or to the armed forces or to its personnel. The following table shows the amounts paid by S. Weitz and Co. for the years 1936 *33 to 1941, inclusive, designated as commissions on sales. Column A shows total commissions; Column B, commissions to D. E. Weitz and L. L. Weitz on sales made by them; Column C, commissions to other salesmen on sales made by them: A
B
C
Paid
Total
to D.E.W.
Paid
Year
Commissions
& L.L.W.
to Others
1936
$ 70,472.62
$39,510.42
$30,962.20
1937
66,256.94
35,433.82
30,823.12
1938
69,704.12
37,107.56
32,596.56
1939
67,749.47
35,311.48
32,437.99
1940
67,879.84
30,784.28
37,095.56
1941
106,237.82
52,220.48
54,017.34 During each of the years 1936 to 1941, inclusive, D. E. Weitz and L. L. Weitz each received an additional commission of 2 1/4 percent on the combined sales made by them. The following schedule shows the total payroll of S. Weitz and Co., exclusive of salesmen's commissions and officers' compensation for each of the years 1936 to 1941, inclusive, and the average number of employees included in such payroll: Year
Payroll
Employees
Total
Average No.
1936
$294,545.07
265
1937
308,182.20
319
1938
269,374.89
308
1939
365,059.47
399
1940
406,845.89
396
1941
550,815.86
445
The following *34 schedule shows the total amounts paid by S. Weitz and Co. to D. E. Weitz and L. L. Weitz designated by petitioners as salary, commission and premiums on insurance policies during each of the years 1936 to 1941, inclusive: D. E. WEITZ
Year
Salary
Commission
Insurance
Total
1936
$20,500
$19,755.21
$7,027.00
$47,282.21
1937
20,500
17,716.91
4,638.34
42,885.25
1938
23,000
18,053.78
6,159.25
47,213.03
1939
23,000
17,655.74
1,896.25
42,551.99
1940
23,000
15,392.14
1,883.74
40,275.88
1941
23,250
26,110.24
2,155.98
51,516.22
L. L. WEITZ
Year
Salary
Commission
Insurance
Total
1936
$20,500
$19,755.21
$7,027.00
$47,282.21
1937
20,500
17,716.91
4,638.34
42,855.25
1938
23,000
18,053.78
6,159.25
47,213.03
1939
23,000
17,655.74
2,022.25
42,677.99
1940
23,000
15,392.14
1,944.75
40,336.89
1941
23,250
26,110.24
2,241.99
51,602.23 The board of directors had authorized salaries of $23,500 to L. L. Weitz and D. E. Weitz for each of the years 1938 to 1941, inclusive, but through inadvertence only $23,000 had been paid as salaries in the years 1938 to 1940 and $23,250 in 1941. *35 The following table shows the amounts spent by S. Weitz and Co. for the years 1936 to 1941, as advertising: 1936
$ 2,681.37
1937
1,717.51
1938
2,762.32
1939
3,692.79
1940
10,082.35
1941
7,174.45
In its tax return for 1941 S. Weitz and Co. deducted $36,753.73 as "traveling." In the statement attached to the notice of deficiency $15,374.56 thereof has been disallowed for lack of substantation. During 1941 S. Weitz and Co. paid $22,760.63 to L. L. Weitz and $11,713.93 to D. E. Weitz to reimburse them for amounts claimed to have been spent by them in travel and entertainment in performance of their duties pertaining to the business of the company. Respondent has disallowed $9,760.63 of the amounts paid to L. L. Weitz and $5,613.93 of the amounts paid to D. E. Weitz. In the statements attached to the notices of deficiency in the cases of L. L. Weitz and D. E. Weitz respondent has increased the net income of L. L. Weitz by $9,760.63 and the net income of D. E. Weitz by $5,613.93, upon the ground that these amounts received by them were not for reimbursement of amounts of money paid out by them but constituted additional income received. The following table *36 shows the amounts paid by S. Weitz and Co. during the years 1936 to 1942, inclusive, to D. E. Weitz and L. L. Weitz designated by petitioners as reimbursements for the amounts claimed to have been spent by them in travel and entertainment in performance of their duties pertaining to the business of S. Weitz and Co. and the total amounts deducted by S. Weitz and Co. in its returns as "traveling": A
B
C
D
Paid to
Paid to
Total of
Deducted as
Year
D. E. Weitz
L. L. Weitz
Columns A & B
"Traveling"
1936
$11,319.10
$13,664.00
$24,983.10
$25,156.93
1937
10,947.50
15,609.09
26,556.59
26,695.77
1938
8,232.24
11,240.53
19,472.77
19,687.95
1939
13,431.00
17,822.15
31,253.15
42,260.47
1940
11,751.14
20,432.64
32,183.78
43,705.74
1941
11,713.93
21,760.63
34,414.56
36,753.73
1942
10,006.28
24,413.90
34,420.18
34,420.18
The following summary schedule shows the total amounts expended by S. Weitz and Co. for each of the years 1936 to 1941 for commissions on sales, for advertising, and for travel and entertainment; and the percentage of such total amounts to total sales: Total
Percentage to
Year
Expenditures
Total Sales
1936
$ 98,310.92
7.3+
1937
94,670.22
7.1+
1938
92,154.39
8.4+
1939
113,702.73
7.7+
1940
121,667.93
7.7+
1941
150,166.00
7.3-
*37 The following schedule shows: A, the capital stock; B, the earned surplus; C, the notes and mortgages payable with original maturity of less than one year; D, the inventories of S. Weitz and Co., per its returns, for each of the years 1936 to 1942, inclusive: A
B
C
D
Earned
Year
Capital Stock
Surplus
Notes, etc.
Inventories
1936
$120,000
$ 26,859.70
$ 68,293.78
$ 94,202.38
1937
120,000
19,240.70
48,293.78
83,342.43
1938
120,000
29,897.07
70,000.00
69,042.53
1939
120,000
59,441.05
75,000.00
124,253.32
1940
120,000
86,666.73
120,000.00
158,781.59
1941
120,000
168,631.60
100,000.00
355,005.26
1942
120,000
227,818.58
268,032.28
The amounts allowed by the Commissioner as salaries to D. E. Weitz and to L. L. Weitz for the year 1941, $35,000 to each, were a reasonable allowance of compensation for the services rendered. Opinion The first question for decision is whether the respondent erred in disallowing S. Weitz and Co. a deduction from gross income for 1941 of $33,118.45 of the $103,118.45 paid as compensation to its two principal officers. The respondent determined that the deduction of $35,000 for each *38 officer was reasonable compensation for services rendered and that the amounts paid in excess thereof were not legal deductions from gross income. Under the income tax law a corporation may not deduct from gross income as compensation for officers any amount in excess of what constitutes reasonable compensation for services actually rendered. The burden of proof is upon the petitioner to show that the amounts paid for compensation of its officers in excess of the amounts allowed as a deduction by the respondent are legal deductions from gross income. ; . The only question here is whether the evidence presented in this case shows error on the part of the respondent in disallowing the deduction of a portion of the compensation paid to the officers. It should be noted that D. E. Weitz and L. L. Weitz, with their wives, each owned 50 percent of the stock of the corporation. They were in sole control of the corporation. They had it within their power to fix their own compensation, and they did so. Such an arrangement undoubtedly invites *39 scrutiny as to whether the amounts which they allowed themselves were purely compensation for services rendered or were in the nature of a distribution of profits. It is not doubted that these individuals were valued employees. The profits of the corporation were due largely to their efforts. It appears to us, however, that a salary of $35,000 allowed to each by the respondent in the determination of the corporation's deficiency generously compensates each for services actually rendered. Such salaries would appear to be adequate from a comparison of salaries paid to the two principal officers of the Stratbury Mfg. Co., the petitioner's competitors. That company for 1941 paid to its president and principal officer, Mr. Newman, a salary, including bonus, of $37,000, and to Mr. Kline a total of $25,500. Mr. Newman testified that it was only due to the efforts of himself and Mr. Kline that the success of the Stratbury Mfg. Co. was possible. The following is a comparison of the operations of the two companies for 1941: Stratbury
Mfg. Co.
S. Weitz & Co.
Salary of Officers
$ 62,500.00
$ 103,118.45
Net Sales
2,300,708.17
2,060,513.53
Net Income before
Taxes
208,546.82
145,902.02
Dividends paid
101,360.00
1,199.99
Traveling Expenses
972.66
36,753.73
*40 It will be noted that the salary of officers of S. Weitz and Co. for 1941 is the amount claimed by the corporation and not the amount allowed by the respondent. We are of the opinion that the disallowance by the respondent of $33,118.45 paid as compensation to the corporation's two principal officers was correct. The second question for consideration in the determination of the deficiency due from the corporation is whether the corporation is entitled to deduct from gross income the full amount that it paid to its officers as reimbursement for traveling and entertainment expenses. The respondent has disallowed $15,374.56 of the $36,753.73 claimed for lack of substantiation. D. E. Weitz and L. L. Weitz kept memoranda of their out-of-pocket expenses for traveling and entertainment and the corporation reimbursed them periodically for those amounts. To the extent that these were reimbursements for such expenditures they were ordinary and necessary expenses deductible from gross income. At the close of 1941 the corporation paid D. E. Weitz and L. L. Weitz each $1,500. The payment to D. E. Weitz was to reimburse him for an estimated amount of expenditures which he had made in 1941 *41 in entertaining the petitioner corporation's customers in Cleveland. It is admitted that this is merely an estimate, no records having been kept by D. E. Weitz of such expenditures. We are of the opinion that the evidence does not show that that amount was spent by D. E. Weitz on behalf of the corporation. The disallowance of this deduction by the respondent is approved. The payment of $1,500 to L. L. Weitz was said to be to reimburse him for expenditures which he may have neglected to include in his itemized expenses. We can not be sure from this evidence that this was a reimbursement. We think that the respondent did not err in disallowing this deduction. We are of the opinion that the evidence of record shows that the disallowance of $15,374.56 of the $36,753.73 deducted for "traveling" was in error to the extent of $12,374.56. The disallowance of $3,000 of the $15,374.56 is approved. In the individual returns of D. E. Weitz and L. L. Weitz the respondent added to gross income the traveling expenses reimbursed to them which were disallowed in computing the deficiencies due from the corporation. We conclude that the respondent was in error in his determination, except with *42 respect to $1,500 paid to each of these individuals at the close of 1941. D. E. Weitz and L. L. Weitz have submitted no evidence with respect to their right to deduct depreciation on an automobile claimed to have been used by these individuals in their business. The disallowance of the deduction by the respondent is sustained for lack of proof. Decisions will be entered under Rule 50.